UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
NANCY JONES and ROBERT GIBBS,

                Plaintiffs,                                        **COMPLAINT**

        - against -                                            **Plaintiff Demands
                                                                      a Jury Trial**

SUNGLASS HUT TRADING, LLC,

                Defendant.
-------------------------------------------------------------------------x

Plaintiffs, NANCY JONES and ROBERT GIBBS, (hereinafter collectively referred to as "Plaintiffs") by and through their attorneys Michael B. Palillo, P.C., upon information and belief, allege of Defendant SUNGLASS HUT TRADING, LLC as follows:

## NATURE OF CLAIMS

1. Plaintiffs complain that Defendant violated their rights under 42 U.S.C. § 1981, N.Y. City Admin. Code § 8-101, et seq. ("New York City Human Rights Law" or "NYCHRL"), N.Y. Executive Law § 290, et seq. ("New York State Human Rights Law" or "NYSHRL"). Additionally, Plaintiffs also allege New York State claims under the theories of false imprisonment, negligent hiring, training, and supervision, and intentional infliction of emotional distress.

2. Plaintiffs seek declaratory and injunctive relief to redress the injuries Plaintiffs suffered as a result of Defendant's actions.

3. Defendant is liable for the conduct of its managers and agents who exercised managerial and supervisory responsibility, and because Defendant had knowledge of their employees and agents' discriminatory conduct, Defendant acquiesced in such conduct by failing to take immediate and appropriate corrective action.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over the claims in this action under the provisions of 28 U.S.C. §§ 1331 and 1367.

5. This Court has subject matter jurisdiction over the claims in this action under the provisions of 42 U.S.C. § 1981.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

8. Plaintiff Nancy Jones is a female citizen of the United States residing in Georgia, who has dark skin and is African-American.

9. Plaintiff Robert Gibbs is a male citizen of the United States residing in Georgia, who has dark skin and is African-American.

10. Defendant Sunglass Hut Trading, LLC, is a foreign limited liability company authorized by the New York Secretary of State's office to conduct business in New York State.

## FACTUAL ALLEGATIONS

11. On or about November 15, 2015, Plaintiffs Jones and Gibbs visited the City of New York on a vacation.

12. During their visit, on the afternoon of November 15, 2015, Plaintiffs went shopping in the Times Square area of Manhattan.

13. While shopping in the Times Square area that afternoon, Plaintiffs accumulated several bags of goods that they had paid for and purchased.

14. After shopping at several other stores and accumulating shopping bags, Plaintiffs entered a Sunglass Hut store located at 53 West 42nd Street in Times Square.

15. Upon information and belief, the above-mentioned premises were owned, maintained, controlled, supervised, subleased and possessed, leased and/or operated by Defendant.

16. Plaintiffs entered the store with the intention of making a purchase. Plaintiff Jones wanted a new pair of sunglasses and Plaintiff Gibbs informed her that he would purchase her a pair as an early birthday present.

17. This Sunglass Hut store location had a single entrance and was covered in glass windows that made the store visible from outside the premises.

18. A Caucasian male was working at the Sunglass Hut store, who upon information and belief was the manager of the store.

19. Plaintiff Jones looked at several pairs of sunglasses. She asked the manager if the sunglasses she was looking at were for men or women, but the manager ignored her.

20. Plaintiff Jones continued looking at the sunglasses. She then asked the manager if she could try on a pair of the sunglasses.

21. The manager responded in an irritated manner. He asked Plaintiffs what they were going to do about the other sunglasses.

22. The Plaintiffs observed that the manager's manner and affect became hostile and threatening.

3

23. At this point, Plaintiff Jones believed that the manager was using a sales tactic to pressure her into rushing her purchase.

24. Plaintiff Jones responded that when she found something she liked, they would let the manager know.

25. The manager then asked Plaintiffs if they were going to take the sunglasses. He spoke with an angry and aggressive attitude.

26. Plaintiffs were confused about why the manager was asking them these questions. Notably, Plaintiffs did not have any items from the Sunglass Hut store in their hands or otherwise on their person.

27. Plaintiff Jones still believed that the manager was trying to pressure her into making a sale.

28. Plaintiffs continued to look at the sunglasses in the store.

29. The manager left the front of the store for a moment and then returned. On his return, the manager began to follow the Plaintiffs very closely.

30. At this point, at least four New York City Police ("NYPD") officers entered the store.

31. Someone, unobserved by Plaintiffs, locked the front door to the Sunglass Hut store after the NYPD officers entered. Plaintiffs believed that the manager locked the door because it was likely that he had the keys.

32. This door was the only exit from the Sunglass Hut store and once it was locked, Plaintiffs could not leave the store.

33. Plaintiffs Jones and Gibbs both asked the NYPD officers if they could leave. An officer told the Plaintiffs that they could not leave.

34. The NYPD officers then ordered the Plaintiffs to stay where they were.

35. Plaintiffs both fully complied with the officers' orders and remained standing still.

36. Plaintiffs at this point both felt intimidated, fearful, and intimidated by the situation.

37. The police officers then asked the Plaintiffs if there was anything in their bags that did not belong to them.

38. Plaintiffs did not take any items from the store, nor did they attempt to steal any items from the store.

39. Plaintiffs informed the NYPD officers that they had not taken any items.

40. Plaintiffs then waited in the store for half an hour, standing in the store with the NYPD officers while they reviewed the store's security camera footage with the manager.

41. During this time, the Plaintiffs, surrounded by NYPD officers, were visible to the public due to the store's large glass windows facing the street.

42. During this time, the manager continued to look at Plaintiffs in a threatening manner.

43. After the NYPD officers reviewed the store's security footage, which confirmed that they had not taken anything, the NYPD officers told the Plaintiffs that they were following up on a report that the store's manager had called in.

44. The NYPD officers then released the Plaintiffs to leave the store.

45. The Sunglass Hut's employees did not apologize or say anything to Plaintiffs after the NYPD officers determined Plaintiffs had done nothing wrong.

46. When Plaintiffs left the store, there were people on the sidewalk who were staring at them. The onlookers took pictures with their cell phones as the Plaintiffs left the store.

47. Both Plaintiffs felt extremely ashamed and upset to be publicly treated in the manner described above.

48. Plaintiff Jones felt traumatized and emotionally hurt, and cried for an hour following the incident.

49. Plaintiffs had never been treated in this manner in the past.

50. The employees of the Sunglass Hut store had no reasonable basis to suspect that Plaintiffs had stolen anything from the store.

51. The Sunglass Hut store's manager did not observe the Plaintiffs take or attempt to take anything from the store.

52. The Sunglass store's manager had no proof that the Plaintiffs took or attempted to take anything from the store, and in fact the evidence available to him, in the form of the security camera footage, absolved the Plaintiffs of wrongdoing.

53. Despite having no reasonable justification, employees of the Sunglass Hut store confined the Plaintiffs without their consent and would not let them exit from the store when they wanted to leave.

54. The manager of the Sunglass Hut store called the police with a false report and subjected Plaintiffs to a humiliating and traumatizing situation in full view of the public.

55. Because there was no other reasonable justification for these actions, they were based on institutionalized racial animus held by Defendant and its employees, directed against Plaintiffs because of the color of their skin and their race.

56. Defendant's conduct caused the Plaintiffs to suffer mental, emotional, and physical injury, distress, pain and suffering.

## AS A FIRST CAUSE OF ACTION AGAINST DEFENDANTS
## UNDER 42 U.S.C. §§ 1981 and 1988

57. Plaintiffs repeat and re-allege each and every allegation made in the above paragraphs of this complaint.

58. By and through their actions, Defendant and its employees, agents and/or managers intentionally discriminated against the Plaintiffs the basis of race and the color of their skin, by falsely accusing them of stealing, forcibly preventing Plaintiffs from exiting the premises of the store, verbally berating Plaintiffs, humiliating Plaintiffs, intimidating Plaintiffs and detaining Plaintiffs without their consent, all without cause, justification or evidence.

59. By and through their actions, Defendant and its employees, agents and/or managers intentionally discriminated against the Plaintiffs on the basis of race and the color of their skin, by falsely reporting Plaintiffs to the police, falsely accusing Plaintiffs of engaging in criminal activities, and discriminating against the Plaintiffs with respect to their ability to make a purchase in Defendant's store, i.e., make and enforce a contract.

60. Defendants singled out Plaintiffs and treated them in the manner described above because of their race and the color of their skin.

61. Defendants do not discriminate against non-minority customers in the manner in which the Plaintiffs were discriminated against.

62. By and through their actions, Defendant and its employees, agents and/or mangers deprived the Plaintiffs their rights guaranteed under 42 U.S.C. § 1981.

## AS A SECOND CAUSE OF ACTION FOR DISCRIMINATION UNDER NEW YORK CITY HUMAN RIGHTS LAW

63. Plaintiffs repeat and re-allege each and every allegation made in the above paragraphs of this complaint.

64. By reason of the foregoing, Defendants have violated the Administrative Code of the City of New York § 8-107, also known as the New York City Human Rights Law, which states that places of public accommodation cannot deny any of the "accommodations, advantages, facilities, or privileges thereof" based on a person's race.

65. Defendants have thereby violated the New York City Human Rights Law.

66. As a result of Defendants' unlawful conduct, Plaintiffs have suffered and continue to suffer injuries and damages.

## AS A THIRD CAUSE OF ACTION AGAINST DEFENDANTS FOR DISCRIMINATION UNDER NEW YORK STATE HUMAN RIGHTS LAW

67. Plaintiffs repeat and re-allege each and every allegation made in the above paragraphs of this complaint.

68. By reason of the foregoing, Defendants have violated New York Executive Law § 290, *et seq.*, which states that places of public accommodation cannot deny any of the accommodations, advantages, facilities or privileges thereof based on a person's actual or perceived race or color.

69. The conduct of Defendant in subjecting Plaintiffs to being stopped, questioned, insulted, humiliated and detained at the store has denied them the privileges of public accommodation based on Plaintiffs' race and the color of their skin.

8

70. Defendant has failed to monitor its employees, agents and/or managers adequately and therefore are responsible for their conduct.

71. As a result of Defendant's unlawful conduct, Plaintiffs have suffered and continue to suffer injuries and damages.

## AS A FOURTH CAUSE OF ACTION AGAINST DEFENDANTS FOR FALSE IMPRISONMENT

72. Plaintiffs repeat and re-allege each and every allegation made in the above paragraphs of this complaint.

73. On the above-mentioned date, the employees, agents, and/or mangers of Defendant forcibly prevented the Plaintiffs from exiting their premises with Plaintiffs' knowledge and without Plaintiffs' consent.

74. Upon information and belief, the Defendant's employees, agents, and/or managers had no justifiable reason to detain, or cause Plaintiffs' detention at the aforementioned store.

75. The acts complained of which were carried out by the Defendant's employees, agents, and/or managers were not privileged under any case law or statutory legal basis.

76. The false imprisonment was accomplished with such gross disregard for the rights of the Plaintiffs as to constitute gross and malicious conduct and a high degree of moral culpability sufficient to warrant an award of punitive damages.

77. Each and all of the acts of the employees, agents, and/or managers alleged herein were done by said persons while acting within the scope of their employment by Defendant.

78. The acts complained of were carried out by the aforementioned employees, agents, and/or managers in their capacities as employees of Defendant, pursuant to the customs, usages, practices, procedures and/or rules of Defendant, all under the supervision,

direction, authorization and/or consent of managing and supervising employees and agents of the Defendant.

79. Defendant, by their officers, managing and/or supervising personnel, authorized, participated in, consented to, and/or ratified Plaintiffs' false imprisonment.

### AS A FIFTH CAUSE OF ACTION AGAINST DEFENDANTS FOR NEGLIGENT HIRING, TRAINING AND SUPERVISION

80. Plaintiffs repeat and re-allege each and every allegation made in the above paragraphs of this complaint.

81. In hiring and supervising employees, Defendant has a duty to prevent such personnel from engaging in discriminatory, tortious and otherwise unlawful conduct.

82. Upon information and belief, the Defendant's employees, agents, and/or managers who committed the above complained of acts had a propensity for discrimination, tortious conduct and violating the civil rights of minority customers, including Plaintiffs.

83. Defendant negligently and/or recklessly failed to satisfy their duty of care in hiring, supervising and retaining personnel that engaged and continue to engage in a pattern and practice of civil rights violations, discrimination and other tortious conduct.

84. That the Defendant was negligent, careless and reckless in hiring and retaining its employees, including the above employees, agents and/or managers, in that said people lacked the experience, deportment and ability to be employed by Defendant; that Defendant failed to exercise due care and caution in their hiring practices; and that Defendant, their agents, employees and/or managers were otherwise careless, negligent and reckless.

85. Defendant knew or should have known that their agents, employees and/or managers at Sunglass Hut stores have engaged in racial profiling and subjected dark skinned and

10

minority shoppers, including the Plaintiffs, to civil rights violations, false imprisonment, harassment, verbal abuse, insults, humiliation, coercion and physical intimidation based on their race, ethnicity and/or color.

86. Defendant knew or should have known that their policies and practices have created an unreasonable risk of civil rights violations, discrimination and other unlawful conduct that would harm people of color.

87. As a result of Defendant's unlawful conduct, Plaintiffs have suffered and continue to suffer injuries and damages.

### AS A SIXTH CAUSE OF ACTION AGAINST DEFENDANTS FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

88. Plaintiffs repeat and re-allege each and every allegation made in the above paragraphs of this complaint.

89. By and through their actions, Defendant and its employees, agents and/or managers have negligently inflicted emotional distress upon the Plaintiffs.

90. Defendant and its employees, agents and/or managers have engaged in extreme and/or outrageous behavior when they falsely accused Plaintiffs of stealing, forcibly prevented Plaintiffs from exiting the premises of the store, verbally berated Plaintiffs, harassed Plaintiffs, humiliated Plaintiffs, intimidated Plaintiffs and detained Plaintiffs without their consent, all without cause, justification or evidence.

91. Defendant and its employees, agents and/or managers engaged in the complained of behavior in disregard of the probability that it would inflict severe emotional distress upon the Plaintiffs.

92. The Defendant's conduct unreasonably endangered Plaintiffs' physical safety and/or caused Plaintiffs to fear for their safety.

93. As a result of Defendant's behavior, Plaintiffs suffered severe emotional distress.

**WHEREFORE,** Plaintiffs respectfully requests a judgment against the Defendant:

    A.    Declaring that Defendant engaged in unlawful and discriminatory practices prohibited by 42 U.S.C. § 1981, New York State Human Rights Law and New York City Human Rights Law;

    B.    Declaring that the Defendant falsely imprisoned the Plaintiffs, was negligent in hiring, training, and supervision of its employees, and intentionally inflicted emotional distress upon Plaintiffs.

    C.    Awarding Plaintiffs compensatory damages for emotional pain, suffering, humiliation, embarrassment, inconvenience, mental anguish, loss of enjoyment of life, distress and injury to reputation, in an amount in excess of the jurisdiction of all lower courts;

    D.    Awarding Plaintiffs punitive damages;

    E.    Awarding Plaintiffs the cost of this action and reasonable attorney's fees to the fullest extent permitted by law; and,

    F.    Awarding Plaintiffs such other and further relief as the Court may deem equitable, just and proper to remedy Defendant's unlawful and discriminatory practices.

## JURY DEMAND

Plaintiff hereby demands a jury of all issue to be tried.

Dated: New York, New York
       November 4, 16

*[signature]*

Michael B. Palillo (MP 0044)
*Attorneys for Plaintiff*
Michel B. Palillo, P.C.
277 Broadway, Suite 501
New York, New York 10007
Tel:    212-766-9870

Case Number:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NANCY JONES and ROBERT GIBBS,

        Plaintiffs,

-against-

SUNGLASS HUT TRADING LLC,

        Defendant.

---

### SUMMONS & COMPLAINT

---

## Michael B. Palillo P.C.
*Attorneys for Plaintiff(s)*
*Office and Post Office Address*:
**277 Broadway, Suite 501
New York, NY 10007
(212) 608-8959**
(212) 608-0304 Fax (Not for Service)
mpalillo@palillolaw.com
(Not for Service)

---

Signature (Rule 130/1.1-a)

_____
MICHAEL B. PALILLO, ESQ.